UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **HERBERT I. SAVOY, JR.** | **DOCKET NO. 6:24-cv-01341**<br>**SECTION P** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **UNKNOWN DEFENDANTS, ET AL** | **MAGISTRATE JUDGE WHITEHURST** |

## REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983 by plaintiff Herbert I. Savoy, Jr. ("Savoy"), who is proceeding *pro se* and *in forma pauperis* in this matter. Doc. 1. At the time he filed this suit, plaintiff was in the custody of the Louisiana Department of Corrections, incarcerated at the APSO Crowley Parish Jail. He has since been released. *See* doc. 4. On January 14, 2025, the Court ordered plaintiff to amend his complaint to cure certain deficiencies. Doc. 9. Plaintiff did so on January 24, 2025, (doc. 10) and January 30, 2025 (doc. 11).

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court and is now ripe for review.

### I. BACKGROUND

On December 23, 2023, plaintiff slipped and fell, injuring his back and rotator cuff, which he alleges required surgery. Doc. 5, p. 3. An accident report was taken by Sgt. Kristy Moe and he was seen by the nurse. Doc. 10, p. 1. A couple weeks later, he was seen by Dr. Lumbor who gave him medication. *Id*. After complaining that the medication did not work, he was allegedly put in lockdown by Sgt. Curshall for ten days.

At some point, Dr. Lumbor took scans and told plaintiff that nothing was broken. *Id*. Plaintiff contends that he continued to tell the nurse and doctor that he was pain for six months. *Id*. at p. 2. He was put in lockdown again for another ten days as he continued to tell Sgt. Walker and Sgt. Lufals about the pain. *Id*.

Plaintiff was eventually taken to Ochsner Hospital in New Orleans to see a bone specialist, Dr. Alexandra, who advised that additional medical care was needed, including a spinal tap, a nerve ablation in his back, and surgery on right shoulder. *Id*. at p. 2. He was given a steroid shot and put on blood pressure medication. The specialist at Ochsner allegedly said that the prison doctor, Dr. Lumbor, should not have waited so long to send plaintiff to a specialist. *Id*. at p. 3. Plaintiff also alleges that the Ochsner physician "wanted to put [him] in the hospital for [his] blood pressure but Dr. Lumbor refused it." *Id*. Plaintiff alleges that he continued to complain to jail staff that the medication was not working and that he was still in pain, but when asked to speak to the Warden, he was put in lockdown again. *Id*. Plaintiff was released from jail after filing the instant suit. He seeks monetary compensation and to have his record expunged.

## II.    LAW AND ANALYSIS

### A. *Frivolity Review*

Savoy has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be

granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept the plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. Section 1983

Federal law provides a cause of action against any person who, under the color of law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus, in order to hold the defendants liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law; that is, that the defendant was a state actor. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### C. Application

#### a. Slip and Fall

Plaintiff claims that he was injured when he slipped and fell on a wet floor in the jail. Plaintiff does not allege that prison staff deliberately or wantonly caused him to fall. In order to state a viable claim under § 1983, "a plaintiff must … prove that the alleged constitutional deprivation was not the result of mere negligence," *Farmer v. Brennan,* 511 U.S. 825, 835 (1994), since "[t]he negligent deprivation of life, liberty or property is not a constitutional violation," *Campbell v. City of San Antonio*, 43 F.3d 973, 977 (5th Cir.1995). Plaintiff has, at best, alleged that prison staff were negligent in failing to keep the floors dry. To the extent he intends to do so, plaintiff cannot proceed with a negligence claim under Section 1983.

### b. *Medical Care*

The crux of plaintiff's claim is that he was denied proper treatment for his injury. The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged denial of, or inadequate, medical care is the Eighth Amendment prohibition against cruel and unusual punishment. The lack of proper inmate medical care rises to the level of a constitutional deprivation under the Eighth Amendment of the United States Constitution only if the evidence shows that the prison officials showed "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976); *See also Farmer v. Brennan*, 511 U.S. 825, 835 (1994). It is only deliberate indifference, "an unnecessary and wanton infliction of pain" or an act "repugnant to the conscience of mankind," that constitutes conduct proscribed by the Eighth Amendment. *Estelle*, 429 U.S. at 105-06; See *also Gregg v. Georgia*, 428 U.S. 153 (1976). Further, the plaintiff must establish that the defendants possessed a culpable state of mind. *See Wilson v. Seiter*, 501 U.S. 294, 297-302 (1991); *Farmer*, 511 U.S. at 838-47. In addition, disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs. *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

After a thorough review of Plaintiff's complaint, read in a light most favorable to him, the Court finds that the facts alleged do not support a finding of deliberate indifference to serious medical needs. To the contrary, the record demonstrates that defendants were attentive to the medical needs of plaintiff after this fall. It has been consistently held that an inmate who has been examined by medical personnel fails to set forth a valid showing of deliberate indifference to serious medical needs. *Norton,* 122 F.2d at 292; *Callaway v. Smith County*, 991 F. Supp. 801, 809 (E.D. Tex. 1998); *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *Mayweather v. Fot*i, 958 F.2d

4

91 (5th Cir. 1992). Plaintiff admits he was sent to the doctor after his fall. He admits that he was given medication and tests/scans were performed. He admits that he was later taken to a specialist. Plaintiff's complaint is devoid of factual allegations that would tend to show defendants acted with a culpable state of mind or that their actions were "unnecessary and wanton."

Plaintiff disagrees with the treatment defendants provided him. He claims he should have been transported to the hospital sooner. Disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs. At most, plaintiff has only shown that he is still experiencing pain, but unsuccessful medical treatment does not give rise to a civil rights action. *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir.1985).

To the extent that plaintiff's allegations, if accepted as true, may amount to a state law claim for negligence or medical malpractice, this does not amount to a denial of a constitutional right as these actions on the part of defendants do not rise to the level of a constitutional tort. *See Daniels v. Williams,* 474 U.S. 327, 329-30 (1986); *Estelle*, 429 U.S. at 106; *Lewis v. Woods*, 848 F.2d 649, 651 (5th Cir. 1988). The fact that Plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act. *See Spears v. McCotter,* 766 F.2d 179, 181 (5th Cir. 1985). Prisoners are not constitutionally entitled to the best medical care that money can buy. *See Mayweather v. Foti*, 958 F.2d. 91 (5th Cir. 1992).

Accordingly, Plaintiff's medical care claims should be dismissed with prejudice as frivolous.

### c. *Expungement of Record*

In addition to monetary compensation for denial of medical care, plaintiff asks this Court to expunge his state court record. "Expungement of records is not a type of relief available under

5

[42 U.S.C. § 1983]. The right to expungement of state records is not a federal constitutional right." *Rodgers v. Texas*, No. 3:03-CV-2015, 2004 U.S. Dist. LEXIS 5967, 2004 WL 764946, at *2 (N.D. Tex. April 7, 2004) (quotation marks omitted), adopted, 2004 WL 884796 (N.D. Tex. Apr. 23, 2004). Moreover, even if expungement were otherwise available, lower federal courts may not order the expungement of state convictions or public records absent some "special circumstance." *See Cavett v. Ellis*, 578 F.2d 567, 568 (5th Cir. 1978); *Rogers v. Slaughter*, 469 F.2d 1084, 1085 (5th Cir. 1972). Plaintiff has alleged no special circumstance that would warrant a federal court ordering the expungement of his state record.

### III. CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim upon which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in chambers this 24th day of June, 2025.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE